of the Court of General Sessions. He also makes several other points, all of which have been carefully considered, and are found to be without merit. Order unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Crapser, Heffernan and Foster, JJ.

ADELAIDE M. THAYER, as Executrix, etc., of WALTER N. THAYER, JR., Deceased, Respondent, v. LOUIS E. JALLADE, Appellant, and ALAN B. MILLS, Defendant.— Plaintiff has recovered a judgment for services rendered by her deceased husband as consultant to defendants, a copartnership of architects. The services were rendered in connection with the preparation and submission of plans to the United States government for a hospital proposed to be erected in connection with a group of buildings designed to house defective delinquents at Springfield, Mo. The contract for this work was made July 27, 1931. Appellant testified that the copartnership existed from that date to and including October, 1933. Much of the correspondence indicating decedent's employment and services was had between him and the non-appealing defendant. This is disavowed by appellant. Defendants received compensation of $6,671.48 besides expenses. Plaintiff has recovered one-third thereof. Respondent's testimony sustains the recovery. Appellant on July 6, 1933, wrote respondent a letter: " Mr. Mills has just left me. I have had a talk with him about our affair in Washington. Personally I have just come back from Washington trying to settle our claim with the Department of Justice. Mr. Mills is going down again this week and I hope we will have some progress to report to you soon. Very truly yours, * * * Louis E. Jallade." This is tantamount to an admission that decedent had an interest with defendant-appellant in the claim against the United States government. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of Charges and Specifications of Neglect of Duty in Violation of Rule 6 of the Rules and Regulations for the Government of the Police Department of the City of Binghamton, Preferred by LACEY B. ABEL, Chief of the Department of Police, Respondent, against ANDREW BARVINCHAK, Patrolman in the Department of Police, Appellant.— The appellant was assigned to the vice squad. A complaint was made to him that one Kuznick was operating a still in violation of law. Through a stool pigeon he made two unsuccessful attempts to obtain evidence of the violation and he also kept watch over the premises for a short time thereafter. The evidence shows that during all of the time while appellant claimed he was attempting to obtain evidence of the violation, the still was in operation and so continued until about a year thereafter when a new member of the vice squad easily obtained evidence which resulted in a conviction. The evidence sustains the conclusion that there was no reasonable effort on the part of the appellant to obtain the necessary proof and that he was guilty of neglect of duty as found by the commissioner. Determination confirmed, without costs. Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Schenck, J., dissents, on the ground that the evidence does not sustain the conclusion that the appellant is guilty of neglect of duty.

ALBERT SHIELDS, Respondent, v. WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellants. RUFUS BURLINGAME, an Infant, by WESTCOTT BURLINGAME, His Guardian ad Litem, Respondent, v. WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE

Garage, Appellants. Albert Shields, Respondent, v. Burlingame Motors Corp., Defendant, and William H. Thurber and Philip Lombardi, Doing Business as Silver Lake Garage, Appellants. Ethel Shields, Respondent, v. Burlingame Motors Corp., Defendant, and William H. Thurber and Philip Lombardi, Doing Business as Silver Lake Garage, Appellants. Emma Adele Thurber, Respondent, v. Philip Lombardi, Doing Business as Silver Lake Garage, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Claims of Beatrice M. Fisher, Respondent, and Alice L. Fisher, Appellant, against Chevrolet-Buffalo Division of General Motors Corporation, Appellant. State Industrial Board, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

The People of the State of New York, Respondent, v. John Cushing, Appellant.— Appeal from a judgment of the County Court of Albany County sentencing the appellant to Clinton State Prison for a term of not less than five nor more than ten years upon his conviction by a jury of the crime of manslaughter in the first degree. The evidence shows that the appellant and a man named Weisel assaulted James Mahar and knocked him down and that he died of a broken neck and fractured skull. An eyewitness to the affray positively identified the appellant as one of Mahar's assailants. We find in the record no error which would warrant a reversal of the judgment. Judgment of conviction unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of David Hendler, Respondent, against Cayton Bakery, Inc., and Bakers Mutual Insurance Company of New York, Appellants. State Industrial Board, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Appellant may appeal as a matter of right. (Civ. Prac. Act, § 588, subd. 1; Workmen's Comp. Law, § 23.) Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

The People of the State of New York, Respondent, v. Samuel Tessler and Lester N. Baldwin, Appellants.— Appeal from judgments of conviction of burglary in the third degree. Each of the defendants confessed and made statements in writing. These do not appear to have been obtained by coercion. There was other evidence tending to show the commission of the crime. Any errors that were committed in connection with the receipt or exclusion of evidence do not require a reversal. Judgments of conviction unanimously affirmed. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

### (January 14, 1942.)

Wyman S. Bascom, Plaintiff, v. Superior Trailer Manufacturing Corporation and Charles Egan, Defendants.— Motion for stay granted. Restraining order modified by staying the trial and all proceedings until the hearing and determination of the appeal from order granted December 29, 1941. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by Evelyn Davidowitz, Claimant. G. Schwartz and F. Schwartz,